UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TOM R. PRUITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:09cv380RLM |
| | ) |
| BILL WILSON, SUPERINTENDENT | ) |
| | ) |
| Respondent | ) |

OPINION and ORDER

Tom Pruitt moves to alter or amend, under Fed. R. Civ. P. 59, the denial of his petition under 28 U.S.C. § 2254. He focuses on two of the rulings that went into that decision: the ruling that his claim that trial counsel were ineffective in not presenting evidence that he was returned to special education classes in the eighth grade was procedurally defaulted (doc. 36, at 35-38), and the ruling that his claim of prosecutorial misconduct in final argument was procedurally defaulted (doc. 36, at 70-77). Mr. Pruitt raises one argument directed at both rulings, and another directed only at the ineffective assistance claim.

The common argument is drawn from Maples v. Thomas, 132 S. Ct. 912 (2012), and Martinez v. Ryan, 132 S.Ct. 1309 (2012). Mr. Pruitt argues that if these arguments were procedurally defaulted, his post-conviction relief counsel must have been constitutionally ineffective, *see* Strickland v. Washington, 466 U.S. 668 (1984), to have allowed that to happen. Accordingly, Mr. Pruitt reasons, he should have been allowed to "complete factual development of his cause and prejudice arguments against post-conviction counsel in terms of proving his

misconduct and gross negligence during the post-conviction proceedings . . . ."

Mr. Pruitt reads Maples and Martinez too expansively. This case isn't Maples, in which the petitioner's counsel truly abandoned the petitioner by telling neither the petitioner nor the court when they left their law firm and leaving the case inactive while the time ran. Mr. Pruitt had active and zealous post-conviction relief counsel. Nor is this case Martinez, in which the Court held that if a state forbids ineffective assistance of trial counsel claims to be raised until post-conviction relief, post-conviction relief petitioners are entitled to effective assistance of counsel. Indiana allows (and in some instances, requires) ineffective assistance claims to be raised on direct appeal. *See* Woods v. State, 701 N.E.2d 1208, 1220 (Ind. 1998).

Mr. Pruitt argues that Martinez still applies because the post-conviction relief petition was his first opportunity to raise these claims. The Court doesn't read Martinez as reaching states that allow (and in some instances require) criminal appellants to raise Strickland arguments on direct appeal. Indiana simply does not require the what the Martinez Court called "initial-review collateral proceedings," 132 S. Ct. at 1115, to be post-appeal.

Mr. Pruitt's second argument, directed at the default holding relating to the eighth grade special education Strickland claim, is simply that the Indiana Supreme Court was wrong when it held that Mr. Pruitt hadn't raised the argument in his post-conviction relief. Hence, he argues, this court was wrong in finding a procedural default. The court believes that the analysis in the opinion denying Mr. Pruitt's habeas corpus is correct and adequate, and that no further discussion is

needed.

For these reasons, the court DENIES the petitioner's motion to alter or amend (doc. 38). The court EXPANDS the certificate of appealability to include all of Claim II (a certificate already was granted as to all of Claim VIII).

SO ORDERED.

ENTERED:   March 27, 2013

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court